Case 3:21-cv-00194   Document 3   Filed on 08/12/21 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
August 12, 2021
Nathan Ochsner, Clerk

# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS GALVESTON DIVISION

No. 3:21-cv-194

Reginald Wayne Moore, TDCJ #2257742, Petitioner,

v.

Bobby Lumpkin, Respondent.

## ORDER TO TRANSFER

Jeffrey Vincent Brown, United States District Judge.

The petitioner, Reginald Wayne Moore, is presently incarcerated by the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ") at the Polunsky Unit. Moore, who is confined as the result of a state-court conviction from Nolan County, has filed this action seeking a federal writ of habeas corpus to challenge a prison disciplinary conviction that was entered against him at the Darrington Unit, where Moore was previously assigned. The court concludes that this case must be transferred for the reasons set forth below.

Because Moore is confined pursuant to a judgment and sentence by a state court in Texas, which has more than one federal district, his pending petition is governed by the following statutory provision:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State

> which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(d). The Fifth Circuit has interpreted this statute to mean that a petitioner may seek habeas corpus relief in one of only two places: (1) the district in which his underlying state-court conviction was entered; or (2) the district within which the petitioner is incarcerated. *See Wadsworth v. Johnson*, 235 F.3d 959, 962 (5th Cir. 2000).

Neither Moore's present place of confinement at the Polunsky Unit (Polk County), nor the place of his underlying state-court conviction (Nolan County), are located within the Southern District of Texas. *See* 28 U.S.C. § 124(b) (listing all of the counties within the Southern District). Although the disciplinary conviction at issue was entered at the Darrington Unit (Brazoria County), which is within the Southern District of Texas, Galveston Division, the Fifth Circuit has held that a TDCJ disciplinary tribunal is not a "state court," and, therefore, the place where a disciplinary action occurred cannot be the basis for jurisdiction under § 2241(d). *Wadsworth*, 235 F.3d at 962. As a result, this court has no jurisdiction over the pending habeas corpus petition. *See id.* at 961-62.

A district court may, in the exercise of its discretion and in furtherance of justice, transfer a habeas corpus petition to another appropriate district court for hearing and determination. *See* 28 U.S.C. § 2241(d). It is policy in the Southern

District of Texas to transfer habeas corpus petitions filed by state prisoners to the district and division in which the petitioner's underlying conviction was entered. *See* General Order of May 30, 1985. Nolan County, where Moore's underlying state-court conviction was entered, is in the Northern District of Texas, Abilene Division. *See* 28 U.S.C. § 124(a)(3).

Accordingly, the Clerk of Court is **ORDERED** to **TRANSFER** this habeas corpus proceeding to the United States District Court for the Northern District of Texas, Abilene Division, pursuant to 28 U.S.C. § 2241(d). The petitioner is advised to file all further pleadings and submissions in the Northern District of Texas, Abilene Division, after he receives notice of the new case number for this proceeding.

Signed on Galveston Island this __12th__ day of __August__, 2021.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE